UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
WILLIE G. MUNN BEY,             )
                                )
        Petitioner,             )
                                )
    v.                          )    Civil Action No. 10-1112 (GK)
                                )
UNITED STATES PAROLE            )
COMMISSION,                     )
                                )
        Respondent.             )
_____)

**MEMORANDUM OPINION**

Petitioner Willie G. Munn Bey brings this action pro se against the United States Parole Commission for a Writ of Habeas Corpus. Upon consideration of the Petition, Opposition, Reply, and the entire record herein, and for the reasons stated below, Munn Bey's Petition is **denied**.

**I. Background**

On May 1, 1987, Munn Bey was sentenced by the Superior Court of the District of Columbia to forty-six years in prison for assault with the intent to rape, first degree burglary, and threats to injure. Resp't's Opp'n, Ex. 1 [Dkt. No. 10-1]. On October 9, 2008, Munn Bey was paroled.[1] Resp't's Opp'n, Ex. 2 [Dkt. No. 10-2].

---

[1] It appears from the Record that Munn Bey has in fact been paroled on several occasions, only to violate the terms of his release and return to prison each time. See Resp't's Opp'n, Ex. 1. The only relevant parole date here is the most recent, i.e., October 9, 2008.

He was to remain under parole supervision for another twenty-seven years, until October 23, 2035. Id.

On September 4, 2009, nearly a year after Munn Bey was released from prison, his Community Supervision Officer ("CSO") informed the Parole Commission that Munn Bey had violated his parole. Resp't's Opp'n, Ex. 3, at 1 [Dkt. No. 10-3]. The CSO's report indicated that, two days earlier, Munn Bey had been arrested for simple assault and felony threats. Id. at 2. Following that arrest, the report states, Munn Bey tested positive for cocaine. Id. Additionally, Munn Bey had failed to report for a prior drug test or for a scheduled supervision and was "unsuccessfully discharged" from his required sex offender treatment. Id. at 3.

On September 11, 2009, the Parole Commission issued a parole violator warrant for Munn Bey. Resp't's Opp'n, Exs. 4-5 [Dkt. Nos. 10-4, 10-5]. In a memorandum accompanying the warrant, the Parole Commission instructed the U.S. Marshal to assume custody of Munn Bey as soon as possible, but to allow any criminal warrant to take precedence. Resp't's Opp'n, Ex. 6 [Dkt. No. 10-6]. In other words, if the U.S. Marshal found that a criminal arrest warrant had been executed or was outstanding or that Munn Bey had already been sentenced for a new crime, the Marshal was to lodge the parole violator warrant as a detainer. Id.

"Detainers" assure that parole violators serving a term for a crime committed while on parole are not released from custody until

the Parole Commission has had an opportunity to make a determination as to the parole violation. See Moody v. Daggett, 429 U.S. 78, 81 n.2 (1976). In practice, a detainer would allow the Parole Commission to defer a decision on Munn Bey's parole violation until he had served out his sentence for any criminal conviction he received during the period was out on parole. At that point, the Commission could decide whether he should be re-incarcerated for his parole violation or whether he should be released.

On October 3, 2009, Munn Bey was arrested in the District of Columbia for distribution of cocaine. Resp't's Opp'n, Ex. 1, at 1. On October 5, 2009, the U.S. Marshal Service lodged the parole violator warrant as a detainer at the D.C. Jail. Resp't's Opp'n, Ex. 7 [Dkt. No. 10-7]. Munn Bey was then sentenced to twenty-eight months in prison for distribution of cocaine. Munn Bey was later transferred to the Federal Correctional Institution, Talladega, Alabama,[2] to serve his sentence. Resp't's Opp'n, Exs. 8-9 [Dkt. Nos. 10-8, 10-9]. The detainer for his parole violation was therefore lodged at the prison in Talladega. See Resp't's Opp'n, Ex. 7. The Parole Commission has yet to afford Munn Bey a revocation hearing to determine whether his parole will be revoked.

---

[2] The Parole Commission does not contest personal jurisdiction. See Resp't's Opp'n 4-5 n.1. The Court is satisfied that it has subject matter jurisdiction.

On June 30, 2010, Munn Bey filed this Petition for Writ of Habeas Corpus [Dkt. No. 1], claiming that the Parole Commission has denied him due process by failing to provide a hearing within a reasonable time after his arrest. On August 30, 2010, the Parole Commission filed its Opposition [Dkt. No. 10]. On September 10, 2010, Munn Bey filed a Reply [Dkt. No. 12].[3]

**II. Analysis**

Munn Bey contends that "he is entitled to a prompt parole revocation hearing within a . . . reasonable time following his return to [custody]." Pet. 3. He argues that the Parole Commission's failure to afford him such a hearing on his parole violator warrant has violated his due process rights. Id. He requests, therefore, that the Court grant a Writ of Habeas Corpus and quash the warrant for his detention. Id. at 2-3.

Munn Bey is correct that "[t]here must . . . be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation" and that this "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972). However, it is equally well settled law that "execution of the

---

[3] In the intervening time, Munn Bey filed an appeal challenging an Order issued by then presiding Judge Rosemary M. Collyer, which required a response by Munn Bey to the Parole Commission's Opposition pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988). The Court of Appeals dismissed the appeal on January 21, 2011. Mandate of USCA, Jan. 21, 2011 [Dkt. No. 18].

warrant and custody under that warrant [is] the operative event triggering any loss of liberty attendant upon parole revocation." Moody, 429 U.S. at 87. Hence, the right to a revocation hearing within a reasonable time is only triggered after the parole violator warrant is <u>executed</u>, not when it is lodged, and when the defendant is taken into custody under <u>that warrant</u>, not any other criminal warrant. <u>Id.</u>

In this case, the Parole Commissioner merely acted in accordance with applicable regulations, permitting a parole violator warrant to be placed as a detainer, and permitting the Commission to execute the warrant and hold a revocation hearing when the parolee is later released. 28 C.F.R. § 2.100(a)-(b). Indeed, this Court has previously approved the constitutionality of that practice. <u>Lyons v. CCA/Corr. Treatment Facility</u>, Civil Action No. 06-2008 (GK), 2007 WL 2007501, at *2 (D.D.C. July 10, 2007) ("It is not a violation of a parolee's due process rights to lodge a parole violator warrant as a detainer and execute the warrant only after the new sentence is completed."); <u>see</u> <u>also</u>, <u>Ramsey v. Reilly</u>, 613 F. Supp. 2d 6, 11 (D.D.C. 2009) ("due process does not require that a parole violator warrant be executed or that a parole revocation hearing be conducted until after the expiration of the new sentence.").

Munn Bey argues that, as a result of the detainer, "he suffer[s] a present inevitable loss of liberty interests," which

includes "a higher security level of incarceration," "denial of pre-release classification and programs," "denial of halfway house," and "denial of early home detention." Pet'r's Reply 2. However, "[w]ith only a prospect of future incarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which Morrissey sought to protect." Moody, 429 U.S. at 87; see also Morrissey, 408 U.S. at 482 (discussing relevant liberty interests, such as being "gainfully employed and . . . free to be with family and friends and to form the other enduring attachments of normal life.").

In short, the law is clear that due process affords Munn Bey no right to a revocation hearing until his parole violator warrant is executed. Therefore, his Petition is **denied.**


November 15, 2011
/s/
Gladys Kessler
United States District Judge


**Copies via ECF to all counsel of record**